UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
MILAN MANIK and OLGA MANIK,              :
                      Plaintiffs,        :
                                         :                06 Civ. 477
               -v-                       :                (DLC)(RLE)
                                         :
ROSE ASSOCIATE SIMON AVRAM; UNION        :         MEMORANDUM OPINION
DELEGATE FRANK BOOTH; ROSE DELEGATE,     :              AND ORDER
ROSE ASSOCIATES, INC., and SEIU LOCAL    :
32BJ,                                    :
                      Defendants.        :
                                         :
-----------------------------------------X

DENISE COTE, District Judge:

     Milan Manik ("Mr. Manik") and Olga Manik ("Mrs. Manik")

filed this action on January 23, 2006.  They brought claims

pursuant to Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. § 2000(e) et seq., and the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq. against Mr.

Manik's former employer, Rose Associates, Inc. ("Rose

Associates"); Simon Avram ("Avram"), Mr. Manik's former

supervisor; Frank Booth ("Booth"), Mr. Manik's union

representative; and later against Local 32BJ of the Service

Employees International Union ("Union").

     An Opinion dated October 13, 2006 dismissed the claims

against the Union, Booth, and Avram and all claims brought by

Mrs. Manik because claims involving these parties had not been

brought before the Equal Employment Opportunities Commission

("EEOC") or an authorized state agency.  Manik v. Avram, No. 06

Civ. 477 (DLC), 2006 WL 2942854 (S.D.N.Y. Oct. 13, 2006)

("October 2006 Opinion").  The laws that govern the Maniks'

action, Title VII and the ADA, do not allow a plaintiff to bring

a claim against a defendant in federal court if the plaintiff

has not first exhausted the remedies available from the EEOC or

an authorized state agency.  See id. at *3-4.

A Memorandum Opinion of November 28, 2006 denied the

Maniks' motion for reconsideration of the dismissal of Mr.

Manik's claims against the Union.  Manik v. Avram, No. 06 Civ.

477 (DLC), 2006 WL 3458090 (S.D.N.Y. Nov. 28, 2006) ("November

2006 Opinion").  That opinion explained that (1) newly submitted

evidence could not be considered on a motion for

reconsideration, (2) even if Mr. Manik's EEOC complaint against

the Union were considered, it would not entitle him to have his

claims against the Union reinstated because it was not filed

within the 180-day time limit for filing EEOC complaints, and

(3) the Maniks' argument that the gravity of their Complaint

should merit consideration had been rejected in the original

motion to dismiss ruling.  Id.

Following the October and November 2006 Opinions, the only

claims that survived were Mr. Manik's claims against Rose

Associates.  Milan Manik and Rose Associates agreed to settle

the case, and on January 30, 2007 they signed a Stipulation of

Dismissal with prejudice.  Mrs. Manik also signed this
stipulation even though it was not necessary for her to do so,
her claims having been dismissed.  On February 13, the Court
ordered that the case be closed.

On April 24, 2007, the Maniks filed an affirmation "in
opposition to the motion date[d] 1[/]30/07."  By an Order dated
May 3, this affirmation was construed as a motion to vacate the
January 30 stipulation of dismissal, and the motion was referred
to Magistrate Judge Ellis.  On May 16, Judge Ellis issued a
report and recommendation ("Report"), recommending that this
motion be denied.  The Report was entered on the docket sheet on
May 17.  The Maniks filed objections to the Report, which were
dated May 31 but filed on June 4.

The court "may accept, reject, or modify, in whole or in
part, the findings or recommendations made by the magistrate
judge."  28 U.S.C. § 636(b)(1)(C).  The court shall make a de
novo determination of the portions of the report to which
petitioner objects.  28 U.S.C. § 636(b)(1); see United States v.
Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those
portions of the report to which no timely objection has been
made, "a district court need only satisfy itself that there is
no clear error on the face of the record."  Figueroa v. Riverbay
Corp., No. 06 Civ. 5364(PAC), 2006 WL 3804581, at *1 (S.D.N.Y.
Dec. 22, 2006) (citation omitted).

The Report denied the motion to vacate because it found

that the Maniks were not seeking to pursue their claims against

Rose Associates.  Rather, it found that the Maniks wanted to

pursue claims against the Union and Booth, both of whom had been

dismissed from the case pursuant to the October 2006 Opinion.

It therefore recommended that the motion to vacate the

Stipulation of Dismissal be denied.

Even if the issues addressed in the Report are reviewed <u>de

novo</u>, the Report's reasoning is sound.  The motion to vacate and

the Maniks' objections to the Report present no ground that

would support vacating the settlement with Rose Associates.  <u>See</u>

Fed.R.Civ.P. 60(b).  Even if Mr. and Mrs. Manik have good reason

to be angry with the Union and Booth, moreover, the law does not

permit them to pursue their claims against either of these

defendants.  <u>See</u> November 2006 Opinion, 2006 WL 3458090; October

2006 Opinion, 2006 WL 2942854, at *3-4 & n.4.  Vacating Mr.

Manik's settlement with Rose Associates would not change this

result.

CONCLUSION

The Report is adopted in full. The case will remain

closed.

SO ORDERED:

Dated:   New York, New York
         December 3, 2007

_____
                DENISE COTE
        United States District Judge

COPIES SENT TO:


Katchen Locke
SEIU Local 32BJ
Office of the General Counsel
101 Avenue of the Americas
19th Floor
New York, NY 10013-1906

Todd H. Girshon
Jackson Lewis LLP
59 Maiden Lane 39th Floor
New York, NY 10038

Olga and Milan Manik
91 Oak Street
Pittston Township, PA 18640



Magistrate Judge Ellis